

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JDL
F.#2010R02410

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 2, 2013

**By ECF**

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. William Cardenas Forero,
            Criminal Docket No. 06-CR-091 (S-5) (SLT)

Dear Judge Townes:

      The government respectfully submits this letter to advise the Court of a potential attorney conflict of interest in the above-captioned matter.  Specifically, defense attorney Humberto Dominguez, Esq. currently represents two indicted defendants in this case: Deiver Yezid Restrepo Lopez ("Restrepo Lopez") and the above-captioned defendant, William Cardenas Forero ("Cardenas Forero").  Furthermore, Mr. Dominguez has advised the government that he believes that Cardenas Forero's legal fees are being paid in part by his co-defendant Javier Antonio Calle Serna ("Calle Serna").  As set forth below, the government advises the Court of these circumstances pursuant to its obligations under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).  See, e.g., United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995).  Moreover, the government requests that the Court appoint separate Curcio counsel to consult with each defendant regarding this potential conflict so that each defendant may make an informed decision regarding his representation.  The Court's deputy has informed the government that the Court is available for a hearing on this matter on July 9, 2013 at 11:30 a.m.

I.      Background

The above-captioned superseding indictment charges eighteen individuals with participating in an extensive international cocaine distribution and money laundering conspiracy. The conspiracy was led by Calle Serna. Calle Serna's organization shipped bulk quantities of cocaine from Colombia to Mexico and Central America, for ultimate distribution in the United States. In addition, the organization imposed a "tax" on other traffickers' shipments of cocaine. Altogether, the Calle Serna organization distributed tens of thousands of kilograms of cocaine, worth hundred of millions of dollars.

Defendant Cardenas Forero was extradited from Colombia and was arraigned in the Eastern District of New York on February 27, 2012. Mr. Dominguez has advised the government that he believes that Calle Serna is paying in part the legal fees for the defendant and Restrepo Lopez.

II.     Applicable Law

    A.  Overview

The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel. See Wood v. Georgia, 450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003). That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing. See United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993). While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict." Jones, 381 F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).

To determine if the defendant's counsel is burdened by a conflict of interest, the court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). An actual conflict exits "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). A potential conflict arises if "the interests of the defendant could place

the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted).

Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right to the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163); see also United States v. Curanovic, 2011 WL 1555075 (E.D.N.Y. April 1, 2011).

"In most cases when a defendant is faced with a situation in which his attorney has an actual or potential conflict of interest, it is possible for him to waive his right to conflict-free counsel in order to retain the attorney of his choice." United States v. Schwarz, 283 F.3d 76, 95 (2d Cir. 2002). However, if the Court finds that a conflict exists, and that "the conflict is of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation . . . the attorney must be disqualified, regardless of whether the defendant is willing to waive his right to conflict-free counsel." Schwarz, 283 F.3d at 95-96. Indeed, it may be an abuse of discretion and reversible error for the Court to accept a defendant's attempt to waive the conflict. See Levy, 25 F.3d at 153; United States v. Fulton, 5 F.3d 605, 612-14 (2d Cir. 1993).

Thus, "[w]hen a lawyer's conflict, actual or potential, may result in inadequate representation of a defendant or jeopardize the federal court's institutional interest in the rendition of a just verdict, a trial judge has discretion to disqualify an attorney or decline a proffer of waiver." Fulton, 5 F.3d at 612 (citations omitted). The district court enjoys broad latitude to decline a defendant's proffered waiver of conflicted counsel and to disqualify chosen counsel, and the appellate courts will review that decision only for abuse of discretion. See Wheat, 486 U.S. at 163; United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993); Fulton, 5 F.3d at 614.

B.  Third-Party Fee Arrangements

"By their very nature, third-party fee arrangements create numerous ethical pitfalls into which even the most wary criminal defense attorney may stumble." United States v. Duran-Benitez, 110 F. Supp. 2d 133, 151-52 (E.D.N.Y. 2000) (citing New York Disciplinary Rule 5-107). "These ethical pitfalls become especially dangerous when a defendant's lawyer is hired and paid by 'the operator of the alleged criminal enterprise.'" Duran-Benitez, 110 F. Supp. 2d at 152 (quoting Wood, 450 U.S. at 269). In such situations, the Supreme Court wrote in Wood, there exists a "risk that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against his former employer or from taking other actions contrary to the employer's interest." Wood, 450 U.S. at 269; see also In re: Grand Jury Subpoena Served Upon John Doe, Esq., 781 F.2d 238, 248 n.6 (2d Cir. 1986) (noting that when "the third party is the head of a criminal enterprise of which the clients are members . . . an ethical question arises as to whether the attorney's loyalties are with the client or the payor").

C.  Joint Representation

Joint representation "brings two constitutional rights into potential conflict: 'the right of a criminal defendant to be represented by counsel of his own choice and the right of such a defendant to counsel whose effectiveness is unimpaired by divided loyalty.'" United States v. Fan, 36 F.3d 240, 248 (2d Cir. 1994)(quoting Curcio, 694 F.2d 14 at 22). "A criminal defendant is free to prefer the right to counsel of his choosing over the right to counsel of undivided loyalty, provided that the choice is 'knowing and intelligent,' a matter which depends upon the facts and circumstances of each case." Fan, 36 F.3d at 248 (quoting Edwards v. Arizona, 451 U.S. 477, 482 (1981)). Nonetheless, as noted above, "the presumption in favor of the defendant's chosen counsel must be weighed against 'the interests of the courts in preserving the integrity of the process and government's interests in ensuring a just verdict and a fair trial.' Moreover, the presumption is 'overcome by a showing of an actual conflict or potentially serious conflict.'" United States v. Salameh, 856 F. Supp. 781 (S.D.N.Y. 1994) (quoting Locascio, 6 F.3d at 931).

D.  Curcio Waiver

If the conflict of interest is such that a rational defendant could knowingly and intelligently choose to continue to

be represented by the conflicted attorney, the court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in Curcio. See, e.g., Malpiedi, 62 F.3d at 470; Levy, 25 F.3d at 153; United States v. Iorizzo, 786 F.2d 52, 58-59 (2d Cir. 1986). In summarizing the Curcio procedures, the Second Circuit has instructed the trial court to:

> (I) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90. By routinely relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims. See United States v. Jiang, 140 F.3d 124, 128 (2d Cir. 1998).

The need for a Curcio hearing exists regardless of whether a case is disposed of by way of guilty plea or trial. "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel." United States v. Stantini, 85 F.3d 9, 15 (2d Cir. 1996). Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996). Therefore, it necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage. See id. ("'[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.'") (quoting Von Moltke v. Gillies, 332 U.S. 708, 721 (1948) (emphasis added)); see also Stantini, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

III.     Discussion

Since Mr. Dominguez currently represents defendants Cardenas Forero and Restrepo Lopez, a potential conflict of interest exists. Specifically, Mr. Dominguez's duties of loyalty and confidentiality to each client could impede him from

counseling the other as to viable defense strategies, or could hinder him in negotiating a disposition with the government. In addition, an ethical question could arise as to whether Mr. Dominguez's loyalties are with Cardenas Forero and Restrepo Lopez or with Calle Serna, who is paying their legal fees. Thus, a <u>Curcio</u> inquiry is necessary.

IV. <u>Conclusion</u>

For the foregoing reasons, the government respectfully requests that the Court appoint <u>Curcio</u> counsel for defendant Cardenas Forero and conduct a <u>Curcio</u> hearing after appointed counsel has had adequate time to consult with the defendant.

    Respectfully submitted,

    LORETTA E. LYNCH
    UNITED STATES ATTORNEY


By: /s/ Justin D. Lerer
    Justin D. Lerer
    Assistant U.S. Attorney
    (718) 254-6124

cc: Humberto Dominguez, Esq.